UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-03218 DMG (AGRx)** | Date | April 19, 2011 |

| Title | ***Wedgewood Investment Pool, LLC v. Ricardo Vasquez, et al.*** | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION
SHOULD NOT BE REMANDED TO STATE COURT**

On November 24, 2010, Plaintiff Wedgewood Investment Pool, LLC filed a complaint in Los Angeles County Superior Court against Defendants Ricardo and Maripaz Vasquez as well as Doe defendants 1 through 10 for unlawful detainer.  Plaintiff seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $56.67 per day starting on November 23, 2010.  (Compl. at 2-3.)  Plaintiff demands less than $10,000 in damages.  (*Id*. at 1.)

Defendants removed the case to this Court on April 15, 2011, on the basis of federal question jurisdiction.  (*See* Notice of Removal ¶ 1.)  The complaint, however, raises no federal question.  Although Defendants invoke a federal statute, the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, 123 Stat. 1660 (codified at 12 U.S.C. § 5220 notes), as an apparent defense or counterclaim,[1] federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).  Moreover, the amount in controversy appears well below the jurisdictional threshold for diversity jurisdiction.

Defendants also invoke a theory of "protective jurisdiction," arguing that "a purely jurisdictional statute is itself a law, and thus the 'arising under' clause of Article III is satisfied by virtue of a suit in federal court under the jurisdictional provision."  (Notice of Removal ¶¶ 14-15 (emphasis omitted).)  The Supreme Court has rejected this type of circular argument for

---

[1] Defendants, invoking the artful pleading doctrine, assert that this action "is a disguised claim under the PTFA," and that the PTFA completely preempts Plaintiff's unlawful detainer claim.  (Notice of Removal at ¶¶ 6-7.)  This argument is meritless.  The PTFA does not preempt state foreclosure and unlawful detainer laws.  Rather, it protects the rights of existing tenants in a foreclosed property (other than tenants who were previously the mortgagor or the mortgagor's immediate family) by requiring that the new owner of the property provide the tenants with 90 days notice to vacate.  Thus, a new owner's failure to provide this notice may be an affirmative defense to an unlawful detainer action but it does not provide a basis for federal question jurisdiction.  *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2-3 (C.D. Cal. Nov. 22, 2010).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-03218 DMG (AGRx)** | Date | April 19, 2011 |
|---|---|---|---|

| Title | *Wedgewood Investment Pool, LLC v. Ricardo Vasquez, et al.* | Page | 2 of 2 |
|---|---|---|---|

removal jurisdiction.  *See Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989) (holding that "a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction," will not "independently support Art. III 'arising under' jurisdiction").

In addition, it appears that Defendants' notice of removal is untimely.  A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  It appears that Defendants received a copy of the complaint on or before December 9, 2010, when they filed their motion to quash service in state court.  (Notice of Removal, Ex. A.)  Defendants did not file the notice of removal, however, until more than four months later.

Accordingly, Defendants are **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court.  Defendants shall file their response no later than **April 27, 2011**.

**IT IS SO ORDERED.**

---

CV-90                                   **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk <u>vv</u>