UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 11-03218 DSF (VBKx) | Date | 5/3/11 |
|---|---|---|---|
| Title | Wedgewood Investment Pool, LLC v. Ricardo Vasquez, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to Superior Court of California, County of Los Angeles and Awarding Attorney's Fees

    This matter was originally removed from state court on March 3, 2011, and assigned case number CV 11-1836 DSF (VBKx). The notice of removal alleged federal question jurisdiction. On March 8, 2011, the Court remanded the action because the complaint is a state law unlawful detainer complaint and does not state a federal cause of action. The Order remanding the action made clear that a potential federal defense or counterclaim to the complaint under the Protecting Tenants at Foreclosure Act of 2009, as amended in 2010, did not provide grounds for removal because federal jurisdiction is based on the plaintiff's complaint and not on any counterclaims or defenses that a defendant might assert. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

    On April 15, 2011, Defendants again removed the action. It was assigned case number CV 11-3218 DMG (PLAx). Plaintiffs have been represented in both cases by counsel Douglas Klein. Because counsel did not indicate in his filing that this case was related to case number CV 11-1836 DSF (VBKx) - in violation of General Order 08-05 and Local Rule 83-1.3.1, it was not originally assigned to this Court. By order of the chair of the Court's Case Management and Assignment Committee, this matter was transferred to this Court on April 26, 2011.

    The Notice of Removal in the instant case acknowledges that a prior application for the same relief had been filed, but apparently contends that it was not made on the

**CIVIL MINUTES - GENERAL**

JS 6

same basis as the instant Notice.  This statement is demonstrably false.  Paragraphs 1 through 12 of the instant Notice are identical to paragraphs 1 though 11 of the Notice of Removal in case number CV 11-1836 DSF (VBKx).  Both provide that Plaintiff's claims are subject to the artful pleading doctrine, and subject to the doctrine of complete preemption.

In the instant Notice, Defendants now also assert a theory of "protective jurisdiction."  This theory is similarly lacking in merit.  (See Order to Show Cause Why This Action Should Not be Remanded to State Court, Docket # 4.)  Moreover, the removal was untimely, id., and Plaintiff has objected to the removal.  (See Ex Parte Application to Remand Removed Action and Request for Attorney's Fees and Costs, Docket # 5.)

Though given until April 27 to do so, Defendants failed to respond to the Court's Order to Show Cause.

The Court agrees with Plaintiff's counsel that attorney's fees are appropriate for the reasons stated in the Ex Parte Application.  Both the amount of time spent and the hourly rate sought are reasonable.  The Court awards fees of $2370.

Even if counsel believed this Court's previous order was in error, no reasonable attorney could have thought that a second removal of the same action was proper.  Moreover, as Plaintiff's counsel notes, the removal period has expired.  28 U.S.C. § 1446(b).  To exacerbate matters even further, counsel failed - in case number CV 11-1836 DSF (VBKx) - to comply with Local Rule 3-2, which requires counsel to email within 24 hours after filing, a file-stamped copy of the case initiating documents in PDF format.  A notice from the clerk issued March 10 advised counsel of this requirement and requested compliance within 24 hours.  Counsel failed to comply and the Chief Judge of this Court issued an Order to Comply.  Despite these warnings and his obvious knowledge of the requirements counsel again failed to comply with Local Rule 3-2 in the instant case.  A communication from the Court was necessary to prompt compliance.  Though counsel indicated he would comply immediately, he did not do so, prompting another order from the Chief Judge.  Three judges have spent time on these matters - which never should have been brought to federal court.  Therefore, the Court imposes sanctions of $500, payable to the clerk of the court.

Both the attorney's fees and sanctions are ordered to be paid no later than May 11, 2011.

JS 6

IT IS SO ORDERED.